12-1098-pr
Williams v. 120 PCT Undercover

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand thirteen.

PRESENT:
>            RALPH K. WINTER,
>            REENA RAGGI,
>                  *Circuit Judges*,
>            BRIAN M. COGAN,
>                  *District Judge.**

----------------------------------------------------------------------
OZAN WILLIAMS,
>                  *Plaintiff-Appellant*,

>            v.                                          No.  12-1098-pr

120 PCT UNDERCOVER, DISTRICT #9, O'BRIEN, DISTRICT #9, 120TH PCT., JOHN DOE #1, DISTRICT #9, 120TH PCT., JOHN DOE, 120TH PCT., JOHN

---

\* Judge Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

DOE, DISTRICT #9, JOHN DOE, 120TH PCT.[**]

 *Defendants-Appellees*.

---------------------------------------------------------------------------

FOR APPELLANT:          Ozan Williams, *pro se*, East Elmhurst, NY.

FOR APPELLEE:           No Appearance

Appeal from a judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 17, 2012, is AFFIRMED.

Ozan Williams, proceeding pro se, appeals from the sua sponte dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

On de novo review of the district court's § 1915(e)(2) dismissal, see Giano v. Goord, 250 F.3d 146, 149–50 (2d Cir. 2001), we affirm for substantially the same reasons stated by the district court in its well-reasoned and thorough decision and order entered on February 15, 2012. Williams presents no justification for the delay in filing his § 1983 claim. Regardless of whether the district court properly considered a letter submitted by the City in determining whether to apply equitable tolling, see Fed. R. Civ. P. 12(d), we conclude that, even in the absence of that letter, Williams did not demonstrate the

---

[**] The Clerk of Court is directed to amend the official caption as shown above.

existence of extraordinary circumstances to justify application of equitable tolling in his case, see Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80–81 (2d Cir. 2003); see also Pearl v. City of Long Beach, 296 F.3d 76, 82–83, 85 (2d Cir. 2002).

We have considered all of Williams's remaining arguments and find them to be without merit.  Thus, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk